IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **PEDRO PENA-TALAMANTES,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-269-O |
| | § | (Criminal No. 4:22-cr-326-O(1)) |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

**OPINION and ORDER**

Before the Court is Pedro Pena-Talamantes's motion to vacate under 28 U.S.C. § 2255 (ECF No. 1), along with the government's response (ECF No. 7). Pena-Talamantes did not file a reply. After considering the § 2255 motion, the response, and applicable law, the Court determines that the motion should be construed as a petition under 28 U.S.C. § 2241 and **DISMISSED** without prejudice.

**I.      RELIEF SOUGHT**

Pena-Talamantes contends that he was picked up from state court in November 2022, but not sentenced in this proceeding until March 2023. Mot. 2, ECF No. 1. He claims that he was told that he was to be given credit toward his sentence for the four months he was borrowed from state custody. *Id.,* at 2, 4.

**II.     ANALYSIS**

Although movant filed his request for relief on a § 2255 form to seek relief in this his court of conviction, his pleading seeks time credit against the calculation of the service of his sentence. *Id.* The issue raised by movant is an issue properly raised in a § 2241 petition. Since the movant challenges the execution of his sentence, rather than its validity or that of the underlying conviction utilization of 28 U.S.C. § 2241 is proper. *United States v. Gabor*, 905 F.2d

1

76, 77-78 (5th Cir. 1990). A petition under § 2241 provides a means for an inmate to challenge the fact or duration of his confinement and the application of prior custody credit impacts the duration of his sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). Thus, the motion filed under § 2255 must be construed as a petition under 28 U.S.C. § 2241.

A § 2241 petition should be filed in the defendant's district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). "In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing, in turn, *Rumsfeld*, 542 U.S. at 442-43; and *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001)). Whether the court has jurisdiction over the [defendant's] custodian is determined at the time the petition is filed and a court will maintain jurisdiction over a § 2241 petition even if the petitioner is later transferred outside the court's boundaries. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("When Griffin filed his petition, he was incarcerated in a federal prison within the Middle District of Pennsylvania. He filed his petition in the district court of that district and named as respondent the warden of the institution in which he was imprisoned. These steps properly complied with habeas procedure. Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (citations omitted)).

As Pena-Talamantes was confined in a correctional facility within the Western District of Louisiana when he filed his petition, jurisdiction in the Western District of Louisiana would have been proper. According to the Bureau of Prisons website, however, Pena-Talamantes is now

2

housed at FCI -Three Rivers, Texas. *See* www.bop.gov, Inmate No. 41458-280, last accessed June 25, 2024.  Three Rivers, Texas is in Live Oak County, Texas, which lies in the United States District Court for the Southern District of Texas. 28 U.S.C. § 124(b)(6).

As such, the Court determines that the petition seeking relief under 28 U.S.C. § 2241 should be dismissed without prejudice to Pena-Talamantes's right to seek relief under § 2241 in the district of his present confinement.

## VI.     CONCLUSION and ORDER[1]

It is therefore **ORDERED** that Pedro Pena-Talamantes's motion to vacate under 28 U.S.C. § 2255 (ECF No. 1) is **CONSTRUED** as a petition for relief under 28 U.S.C. § 2241, and the petition under 28 U.S.C. § 2241 is **DISMISSED** without prejudice to Petitioner's right to re-file in the district of confinement.

**SO ORDERED** this **27th day** of **June, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] The clerk of Court should send a copy of this Order and accompanying Judgment to Petitioner at his current BOP address of record.

3